# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **PATRICK LYNN SPENCER** | **CIVIL ACTION NO. 20-193-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **RODNEY CHRISTIAN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Patrick Lynn Spencer ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was filed in this court on February 12, 2020. Plaintiff claims his civil rights were violated during his arrest. Plaintiff names Rodney Christian and the Mansfield Police Department as defendants.

Plaintiff claims that on December 15, 2017, Officer Rodney Christian tasered him while he was handcuffed in the back of a patrol car. He claims Christian also denied him his right to see on the radar how fast he was driving.

Plaintiff claims he was arrested for possession of marijuana, alcoholic beverage in a motor vehicle, speeding, DUI First Offense, and resisting arrest. He claims he was sentenced to six months probation, anger management class, community service, fines, Dare Class, court fees, and installation of a breathalyzer in his vehicle.

Accordingly, Plaintiff seeks lost wages, punitive damages, the reinstatement of his C-D-L license, expungement of his C-D-L, and criminal charges against Defendant Christian.

**LAW AND ANALYSIS**

In Wilson v. Garcia, 471 U.S. 261 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to Section 1983 claims. The Court determined "§ 1983 claims are best characterized as personal injury actions" and the forum state's statute of limitations applicable to such claims should be used. Id. at 280. In Gates v. Spinks, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals phrased the test as: "The state statute governing the general tort remedy for personal injuries should apply to 1983 actions . . ." Gates, 771 F.2d at 919.

The Louisiana Civil Code provides a general prescriptive statute that governs tort actions. The article subjects delictual actions to a liberative prescription of one year. See La. C.C. art. 3492. The Fifth Circuit qualified this prescriptive period, however, when it held that "a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action." Watts v. Graves, 720 F.2d 1416, 1417 (5th Cir. 1983).

Plaintiff claims his civil rights were violated by Defendants on December 15, 2017. Thus, prescription began to run as to these claims on December 16, 2017. The above entitled and numbered complaint was not signed by Plaintiff until February 6, 2020, and it was not filed by the Clerk of Court until February 12, 2020. Plaintiff's claims are therefore prescribed.

Accordingly, Plaintiff's civil rights complaint should be dismissed as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319 (1989). See also Gartrell v. Gaylor, 981 F.3d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915.")

For the reasons stated above, the court finds that the IFP complaint of Plaintiff lacks an arguable basis either in law or in fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and

Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 23rd day of February, 2022.

_____
Mark L. Hornsby
U.S. Magistrate Judge